IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
 )
             Plaintiff, )
 )
    v.                   )    No. 02 CR 206-1
 )
MARK HALL, )
 )
             Defendant. )

**MEMORANDUM OPINION AND ORDER**

In accordance with a plea agreement, defendant Mark Hall pleaded guilty to one count of a superseding information charging him with conspiring to knowingly and intentionally possess more than 50 grams of a mixture containing cocaine base and more than five kilograms of a mixture containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of the plea agreement, defendant agreed to cooperate with the government, including by providing truthful testimony if called upon to testify at any criminal proceedings. Assuming full and truthful cooperation, the government agreed to make a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a) requesting that the sentencing court depart downward. Pursuant to Fed. R. Crim. P. 11(c)(1)(C)

the parties agreed that the sentence of custody should be "50% of the low-end of the applicable sentencing guideline range." Based on facts known to the government and stipulated in the Plea Agreement, the "preliminary" Guidelines calculation was a Criminal History Category of IV and a Total Offense Level of 37. The Plea Agreement does not expressly state the sentencing guideline range for custody represented by that Criminal History and Offense Level. The range would be 292 to 365 months' custody. Fifty per cent of the low-end would have been 146 months.

The Plea Agreement provides in part:

> [7](m) Defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. Defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guideline calculations.
> 8. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

Thereafter, defendant cooperated with the government. At some point, the government (and presumably defense counsel) recognized that certain convictions included in the Criminal History calculation should not have been assigned points because they were part of the offense charged. Based on that revision, defendant's Criminal History Category was I. A Criminal History Category of I and a Total Offense Level of 37 produces a sentencing range of 210 to 262 months' custody. Half of the low-end would be 105 months. This is the sentence that, assuming adequate cooperation, the parties assumed defendant would receive. When testifying at a criminal trial as part of his cooperation, the federal prosecutor solicited from Hall that his sentence under the Plea Agreement would be 105 months. In the government's version of the offense submitted to the probation officer for purposes of Hall's presentence investigation, the government explained the error in the Plea Agreement, indicated that Hall had provided substantial cooperation, and stated that the applicable sentencing range would be 210-262 months with a recommended sentence of 105 months' incarceration.

During the presentence investigation, the probation officer discovered additional prior convictions that resulted in defendant's Criminal History Category being III. The sentencing range for Category III and a Total Offense Level of 37 is 262 to 327 months, half of which is 131 months. At the time of sentencing, the government moved for a downward departure to

half the low-end of the range recommended in the presentence report. Both the government and defense counsel[1] agreed that the low-end of the sentencing range that should be used was the 262 months recommended by the probation officer. At the sentencing, the court noted the difference between the government's suggested calculation and the probation officer's calculation. The court provided defense counsel with the opportunity to argue that a lower sentence be imposed, but the parties agreed that the 131-month term of incarceration was the only appropriate sentence under the Rule 11(c)(1)(C) Plea Agreement. Defendant himself was present during this discussion and raised no objection.

On Wednesday April 19, 2006, defendant was sentenced to a 131-month term of incarceration. The judgement was entered on the docket on May 3, 2006.

On May 2, 2006 defendant's pro se motion for reconsideration and reargument was received. The motion is dated April 27, 2006. The "Declaration of Mailing" states that defendant placed a postage-paid envelope containing the motion in a prison mailbox on April 28, 2006. This statement is accepted as true. Defendant seeks reconsideration of the sentence imposed and specific performance of the Plea Agreement. Defendant contends that the government is bound by the 210-262/105-month

---

[1] At sentencing, defendant was represented by a different attorney than the one who had represented him during plea negotiations. The original attorney had passed away prior to sentencing.

calculation it stated in its version of the offense and which it also solicited from defendant in testimony in another criminal case. Defendant contends that "low-end of the applicable sentencing guideline range," as used in the Plea Agreement, means 210 months and that he is entitled to enforcement of the terms of his Plea Agreement. On the merits, the government contends that "the applicable sentencing guideline range" is the 262-327 months that was determined by the court to be the correct sentencing guideline range. The government, however, contends that the court should not address the merits of the motion because, under the Plea Agreement, defendant has waived the rights both to appeal and to pursue a motion under 28 U.S.C. § 2255. The government also contends any appeal is untimely because the motion was filed more than 10 days after judgment. Additionally, the government contends that defendant cannot bring a pro se motion because he is represented by counsel.

Although not raised by the government, this court lacks jurisdiction for another reason. Because it is jurisdictional, this ground must be raised by the court even though not raised by the parties. United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006). A district court's jurisdiction to modify a sentence after it has been imposed is limited to the situations set forth in 18 U.S.C. § 3582(c), which includes as expressly permitted in a statute or Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(1)(B); Smith, 438 F.3d at 799. The only statute suggested by the

parties is the government's mention of 18 U.S.C. § 2255. Defendant, however, does not contend he is bringing such a motion. A court should be reluctant to recharacterize a motion as one pursuant to § 2255, see Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000), and may only do so after giving the defendant notice and the opportunity to withdraw the motion, Carter v. United States, 312 F.3d 832, 832-33 (7th Cir. 2002). Moreover, it is doubtful that defendant intended to file a § 2255 motion before the time for appeal had even begun to run[2] and there are no allegations of ineffective assistance of counsel that would probably be a necessary element of any potentially successful § 2255 motion by defendant. The motion will not be construed as a § 2255 motion.[3]

Defendant's motion could be treated as one pursuant to Fed. R. Crim. P. 35(a), which provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This provision, however, is a "very narrow" provision for correcting "obvious" technical errors. United States v. Porretta, 116 F.3d 296, 300

---

[2]Contrary to the government's contention that the time to file an appeal had already expired, it had not. The time did not even begin to run until the judgment was entered on the docket the day after defendant's motion was received. See Fed. R. App. P. 4(b)(1)(A)(I); Vasquez-Ruiz v. United States, 2004 WL 783409 *2 (N.D. Ill. Jan. 20, 2004).

[3]No opinion is expressed regarding the merits of any potential § 2255 motion nor whether any potential motion is waived under the terms of the Plea Agreement.

(7th Cir. 1997); 3 Fed. Prac. & Proc. Crim. 3d § 585.2 at 646 (2004). It is, however, unnecessary to determine whether defendant's claimed error would satisfy Rule 35(a)'s clear error standard because the motion is untimely. The seven-day period under Rule 3(a) is measured from the date the sentence is orally announced. Fed. R. Crim. P. 35(c).[4] Under Fed. R. Crim. P. 45(a), intervening weekends and holidays are not counted. United States v. Wisch, 275 F.3d 620, 626 (7th Cir. 2001). Since defendant's sentence was announced on Wednesday April 19, 2006, the seven-days expired on Friday, April 28, 2006. Defendant did place his motion in the mail that day and, under the prisoner mailbox rule, the motion could be considered to have been filed that day. See Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001). However, it is not sufficient that a Rule 35(a) motion is filed within seven days; the court must act on the motion within the seven-day period or jurisdiction to take action under Rule 35(a) is lost. Wisch, 275 F.3d at 626. This court did not even receive the motion until May 2, 2006 and therefore had no possibility of granting any relief within the seven-day period that is permitted. This court is without jurisdiction to grant relief on a Rule 35(a) motion.

---

[4]The Seventh Circuit had construed a prior version of Rule 35 as measuring the seven-day period from the date the judgment is entered on the docket. United States v. Wisch, 275 F.3d 620, 626 (7th Cir. 2001). The Rule was amended effective December 1, 2004 to expressly provide that the seven-day period is measured from the date the sentence is orally announced.

There is no separate inherent authority to reconsider a sentence that has been imposed. See Smith, 438 F.3d at 799; United States v. Diaz-Clark, 292 F.3d 1310, 1315-18 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003), United States v. Morales, 328 F.3d 1202, 1205 (9th Cir.), cert. denied, 540 U.S. 993 (2003). This court is without jurisdiction to consider defendant's motion for reconsideration. The motion will be denied without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration and reargument of judgment in a criminal case imposing sentence on defendant herein [58] is denied without prejudice for lack of jurisdiction. If defendant wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within ten (10) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JUNE 23, 2006