UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **FILED UNDER SEAL** |
| v. ) | |
| ) | Docket No. 02 CR 206-1 |
| MARK HALL, ) | Hon. William T. Hart |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION FOR MODIFICATION OF HIS IMPOSED TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)

COMES NOW, the defendant, Mark Hall, appearing pro se, and moves this Court, pursuant to 18 U.S.C. § 3582(c)(2), for an Order and Judgment modifying his imposed term of imprisonment, on the ground that the original Guideline range utilized by the Court in calculating his sentence has been lowered by the United States Sentencing Commission (the "Commission"), and has been made retroactive by the Commission.

In support of his application, defendant respectfully alleges the following:

1. On October 8, 2003, defendant plead guilty to Count One of a superseding indictment (Conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine, et seq.) before this Court.

2. Defendant's plea was entered pursuant to a plea agree-

ment with the Government, governed in part by Fed.R.Crim.P. Rule 11(c)(1)(c), pursuant to which, in exchange for full and truthful cooperation, defendant would receive a term of incarceration at "50% of the low end of the applicable sentencing guideline range."

3. On April 19, 2006, defendant appeared for his sentencing hearing. Utilizing U.S.S.G. §§ 2D1.1(c)(1) and 2D1.1(b)(1), the Court first calculated defendant's Guideline Level at 40, and utilizing U.S.S.G. §§ 3E1.1(a) and 3E1.1(b), reduced defendant's applicable range to Level 37, Criminal History Category III (262-327 months). The Court next applied the cooperation reduction mandated by the plea agreement and imposed a sentence upon defendant of 131 months.

4. Effective November 1, 2007, the Commission conditionally lowered the Guideline scoring of 2D1.1(c)(1)(1.5 KG or more of Cocaine Base)(Level 38) to 2D1.1(c)(2)(At least 1.5 KG but less than 4.5 KG of Cocaine Base)(Level 36). As fully set forth in the accompanying Defendant's Memorandum, the applicable quantity of Cocaine Base to defendant in the subject drug conspiracy is more than 1.5 KG of Cocaine Base but no more than 4.0 KG and defendant is thereby entitled to discretionary consideration for a modified sentence.

5. If defendant was being sentenced post-modification, his applicable sentencing guideline range would be Level 35, Criminal History Category III (210-262 months) reflecting the two-level downward modification of § 2D1.1, reduced from the

original pre-modification calculations (i.e., Level 37, III, 262-327 months).

6. Applying the post modification calculations above, together with the terms of defendant's plea agreement, the post-modification term of incarceration is one-half of the low end of the guideline range, which in this case is 105 months. This method for re-calculating sentences under 18 U.S.C. § 3582(c)(2) is specifically recommended for consideration by the Commission pursuant to Amended Policy Statement to U.S.S.G. § 1B1.10, promulgated on December 11, 2007. (See accompanying Defendant's Memorandum for full discussion of Commission's recommendations in cases where sentences have been reduced pursuant to plea agreements for substantial assistance.)

7. On December 11, 2007, the Commission, by unanimous vote, declared the November 1, 2007 modification to U.S.S.G. § 2D1.1 to be retroactive. Such declaration of retroactivity vests jurisdiction in the United States District Courts, in exercise of their sound discretion, to modify imposed criminal sentences, pursuant to 18 U.S.C. § 3582(c)(2), and to reduce terms of imprisonment to conform with the modified Guideline. (See accompanying Defendant's Memorandum.)

8. Defendant is eligible for consideration for discretionary sentence reduction because: 1) his conviction was for Cocaine Base and his applicable Guideline Level was modified downward by the Commission; 2) the modified Guideline Level was made retroactive by the Commission; 3) his sentence is not

3

subject to any mandatory minimums; and 4) he does not pose any continuing danger to society as evidenced by his cooperation with the United States and his admission into the Federal Witness Security Program ("WITSEC").

## RELIEF REQUESTED

9. By reason of the foregoing, defendant respecfully requests the Court's consideration for retroactive application of U.S.S.G. § 2D1.1 as modified by the Commission effective November 1, 2007, and declared retroactive effective March 3, 2008; and utilization of said retroactive application for re-calculation of defendant's "applicable sentencing guideline range" as defined in his plea agreement together with the sentence reduction mandated in defendant's plea agreement as recommended in U.S.S.G. § 1B1.10, amended application note effective March 3, 2008; all of which resulting in a term of imprisonment reduced from 131 months to 105 months.

WHEREFORE, defendant-movant, Mark Smith, appearing pro se, pursuant to 18 U.S.C. § 3582(c)(2), respectfully requests that the Court enter an Order and Judgment modifying and reducing his imposed term of imprisonment from 131 months to 105 months for the reasons set forth above and in Defendant's Memorandum submitted herewith; or in the alternative scheduling an evidentiary hearing with appointed counsel as requested in accompanying motions; and for such other, further, and different relief as the Court may deem just and proper.

March 3, 2008

Respectfully submitted,

*Mark Hall*
_____
Mark Hall

## DECLARATION OF SERVICE

The undersigned respectfully declares the following:

That on March 3, 2008, I served a true copy of the attached MOTION by placing same in a first-class postage pre-paid envelope and depositing same in a "prison mailbox" under the exclusive care, custody, and control of the Federal Bureau of Prisons for further delivery to the United States Postal Service.

The said envelope was addressed as follows:

Office of the United States Attorney
U.S. Courthouse - 5th Floor
219 South Dearborn
Chicago, IL 60604

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on March 3, 2008.

*Mark Hall*