IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 02 CR 206 |
| v. | ) ) | No. ~~06 C 6830~~ |
| MARK HALL, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

In accordance with his Plea Agreement, defendant Mark Hall pleaded guilty to one count of a superseding information charging him with conspiring to knowingly and intentionally possess more than 50 grams of a mixture containing cocaine base and more than five kilograms of a mixture containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statutory minimum sentence for such a violation is 120 months' incarceration. As part of the Plea Agreement, defendant agreed to cooperate with the government, including by providing truthful testimony if called upon to testify at any criminal proceedings. Assuming full and truthful cooperation, the government agreed to make a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) requesting that the sentencing court depart downward.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that the sentence of custody should be "50% of the low-end of the applicable sentencing guideline range."

In ¶ 5 of the Plea Agreement, "defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt." Included among the facts admitted in ¶ 5 are the distribution of various amounts of crack cocaine that totaled 23 to 43 kilograms for the time period January 1998 through August 2000. In ¶ 7 of the Plea Agreement, defendant agreed with the government as to certain "points" pertaining to application of the Sentencing Guidelines. Based on the then-applicable Guidelines provisions, the parties agreed in ¶ 7(b): "The amount of crack cocaine involved in the offense of conviction for which defendant is accountable is more than 1.5 kilograms of crack cocaine. Thus, pursuant to Guideline § 2D1.1(a)(3) and § 2D1.1(c)(1), the base offense level is 38."

The Plea Agreement recited adjustments to the base offense level that, when totaled, resulted in an adjusted offense level of 37. The Plea Agreement also included agreements as to defendant's criminal history that, as stated in the Plea Agreement, placed defendant in criminal history category IV. An adjusted offense level of 37 and criminal history of IV would have resulted in a guideline range of 292-365 months. Half of

the lower end would have been 146 months. That is the sentence defendant expected to receive at the time he entered into the Plea Agreement. Paragraph 7(m) of the Plea Agreement, however, contained the standard provision: "Defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. Defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guideline calculations."

Prior to sentencing and while providing testimony as part of his cooperation, the parties realized that certain of the criminal history points assumed to be applicable did not count under the Guidelines because the prior convictions were part of the charged offense. The parties then assumed that defendant was in criminal history category I. With an adjusted offense level of 37, that resulted in a guideline range of 210-262 months. Half of the low end is 105 months.

When a report was prepared for sentencing purposes, the probation officer discovered additional prior convictions which resulted in defendant being in criminal history category III. With an adjusted offense level of 37, that resulted in a

guideline range of 262-327 months. Half of the low end was 131 months. Those are the Guidelines calculations that were used at the time of sentencing. With defendant present for sentencing, both defense counsel and the government agreed this was the proper application of the Guidelines and the Plea Agreement. Defendant was sentenced to 131 months custody.

Shortly after being sentenced, defendant submitted a pro se motion to reconsider his sentence, contending he should have been sentenced to the 105 months that he was expecting prior to the probation officer's report. That motion was denied without prejudice for lack of subject matter jurisdiction. United States v. Hall, 2006 WL 18606393 (N.D. Ill. June 23, 2006). Subsequently, defendant filed a pro se motion pursuant to 28 U.S.C. § 2255 contending he had been provided ineffective assistance of counsel because his attorney did not argue that 105 months was the appropriate sentence under the Guidelines and Plea Agreement. That motion was denied on the ground that, in the Plea Agreement, defendant waived his opportunity to bring a § 2255 motion. United States v. Hall, 2007 WL 2071974 *2 (N.D. Ill. July 12, 2007). Alternatively, the motion was denied because the ineffective assistance of counsel claim would be denied on its merits since 131 months was the appropriate sentence under the Guidelines and Plea Agreement. Id. at *3.

The 2005 Sentencing Guidelines were used for sentencing defendant. The highest base offense level under the 2005 Drug Quantity Table, U.S.S.G. § 2D1.1(c)(1), was 38. This level was reached if the offense involved 1.5 kilograms or more of crack (cocaine base). Effective November 1, 2007, the Drug Quantity Table was amended. The top base offense level is still 38, but the offense must involve 4.5 kilograms or more of crack to reach this level. U.S.S.G. § 2D1.1(c)(2) (2007) provides that at least 1.5 kilograms of crack but less than 4.5 kilograms is a base offense level of 36. If defendant's offense conduct fell within this guideline, his adjusted offense level would be 35 and, with criminal history category III, his sentencing range would be 210-262 months. Half of the low end would be 105 months.

Effective March 3, 2008, the 2007 amendment to the crack cocaine provisions of the Drug Quantity Table were made retroactively applicable to defendants still serving terms of imprisonment. See U.S.S.G. § 1B1.10 (2007 Supp.). There is no entitlement to a reduction if an amendment made retroactively applicable does not lower the defendant's guideline range. Id. § 1B1.10(2)(B).

Based on the amendment, defendant filed a *pro se* motion to reduce his sentence. The government filed a written response opposing the motion. Counsel was then appointed to represent

defendant. Appointed counsel filed a reply on defendant's behalf.

Defendant contends that the court should focus on ¶7(b) of the Plea Agreement which refers to the offense involving more than 1.5 kilograms of crack. Defendant contends this gives him a base offense level of 36 resulting in the appropriate sentence being 105 months, which is 26 months less than the sentence he has received. Defendant also contends that the court should consider the § 3553(a) factors and take into account both that (a) 105 months serves the § 3553(a) factors as well as 131 months and (b) defendant had been expecting an 105-month sentence. As to this latter point, defendant ignores the countervailing point that, at the time of entering into the Plea Agreement, he was expecting to receive a sentence of 146 months' custody.

Paragraph 7(b) of the Plea Agreement cannot be read in isolation. It refers to more than 1.5 kilograms because that was the amount of crack cocaine then necessary to reach the top of the Drug Quantity Table. Paragraph 7(b) must be read along with ¶ 5 which more particularly recites the amount of drugs involved in defendant's offense conduct. Paragraph 5 makes clear that defendant's offense did not involve a little bit more than 1.5 kilograms of crack, but well over 4.5 kilograms of crack. Since defendant's offense involved over 4.5 kilograms of crack, the

Since the range is unchanged, there is no basis for resentencing defendant or otherwise reconsidering the § 3553(a) factors. U.S.S.G. § 1B1.10(2)(B) (2007 Supp.).

Even if this court had a basis for reconsidering defendant's sentence, when considering imposing a sentence below the applicable statutory minimum--which a 105-month sentence would be--only the defendant's cooperation is taken into consideration. See United States v. Crayton, 259 F. App'x 889, 890 (7th Cir. 2008); United States v. DeMaio, 28 F.3d 588, 591 (7th Cir. 1994). However, to the extent the court had authority to reconsider the applicable guideline range from which the 50% reduction is taken, the § 3553(a) factors could be considered in determining the appropriate sentencing guideline range from which to depart. See United States v. Beamon, 373 F. Supp. 2d 878, 884 (E.D. Wis. 2005). Nevertheless, the court would find--as it did at the time of sentencing--that a 262-327 month range is appropriate when considering the § 3553(a) factors. The very large quantities of crack cocaine involved, the past criminal conduct of the defendant in relation to the term imposed, the need for deterrence of like offenses, the protection of the public, and defendant's need for rehabilitation all support such a range.

Defendant's motion will be denied.

IT IS THEREFORE ORDERED that defendant's motions for a modified sentence [72] and for an evidentiary hearing [74] are denied.

ENTER:

*[signature: William T. Hart]*

UNITED STATES DISTRICT JUDGE

DATED: MAY 28, 2008